UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN SEGROVES, et al.,<br>Plaintiffs,<br>v.<br>JEREMY FRANCHINI, et al.,<br>Defendants. | Case No. 2:25-cv-03076-WBS-CSK<br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br>(ECF No. 37) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 37), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated: August 26, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, segr.3076.25

PORTER | SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Cruz Rocha, SBN 279293
crocha@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, TYLER CARROZZO, and CHRISTOPHER RADONJIC
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN SEGROVES, an individually; and CAMERON HALL, individually and as successor-in-interest to THE ESTATE OF HOLLY SEGROVES;<br><br>Plaintiffs,<br><br>v.<br><br>JEREMY FRANCHINI, an individual; COUNTY OF SACRAMENTO, a California public entity; TYLER CARROZZO, an individual; CHRISTOPHER RADONJIC, an individual; and DOES 1-20, inclusive;<br><br>Defendants.<br>_______________________________/ | CASE NO. 2:25-cv-03076-WBS-CSK<br><br>**JOINT ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**<br><br>Fourth Amended Complaint: 06/16/2026 |

## STIPULATION

### A. PURPOSE AND LIMITATION

The Parties believe that the disclosure and discovery activity concerning the materials described in this Stipulated Protective Order is likely to involve production of information for which protection

from public disclosure would be warranted. The opposing parties have not been permitted to view the materials described in this stipulated protective order. The Parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c). The Parties further acknowledge that this stipulated protective order does not entitle any party to file information designated as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

The Parties jointly request entry of this proposed Stipulated Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

**B. DEFINITIONS**

The following definitions shall apply to this Stipulated Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the documents that Plaintiff or any of the Defendants designate as "Confidential" and described in section C.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Stipulated Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the designating party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c). Confidential documents, material, and/or information shall be used solely for purposes of litigation. Confidential information shall not be used by the non-designating party for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean JEREMY FRANCHINI, COUNTY OF SACRAMENTO, TYLER CARROZZO, and CHRISTOPHER RADONJIC and any other Defendant that may subsequently be added to this action (for example, "DOES 1 to 20").

5. "Plaintiff" shall mean DAWN SEGROVES, individually, and CAMERON HALL,

individually and as successor-in-interest to THE ESTATE OF HOLLY SEGROVES.

6. "Parties" shall mean Plaintiff and Defendants, identified above.

**C. INFORMATION COVERED**

Covered Information:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this Stipulated Protective Order is limited to the following:

1. Personal health information of any Party or Decedent Holly Segroves, including records of medical and/or mental health evaluation, diagnosis, and treatment, or information protected by HIPAA or other applicable laws.

2. Sensitive financial information of any Party, including bank statements, credit card statements, tax returns, investment records, assets, and liabilities.

3. Personal identifying information of any Party or third-party, including Social Security numbers, dates of birth, home addresses, telephone numbers, and other confidential information.

4. Personnel files of TYLER CARROZZO, including any documents related to investigation of conduct, complaints or investigations of complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

5. Personnel files of CHRISTOPHER RADONJIC, including any documents related to investigation of conduct, complaints or investigations of complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

6. Personnel files of JEREMY FRANCHINI, including any documents related to investigation of conduct, complaints or investigations of complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

By including the above categories of covered information, Defendants do not waive any and all objections to producing said covered information, including but not limited to objections on the basis of privacy protections. However, to the extent any such categories of covered information are produced, or ordered to be produced, then the terms of the Stipulated Protective Order shall apply.

Particularized Need for Protection:

Pursuant to Local Rule 141.1(c)(2), the Parties assert that there exists a specific, particularized

need for protection as to the information covered by this Stipulated Protective Order. The Parties represent to the Court and each other that the materials designated to be covered by this Stipulated Protective Order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and do not include information designated on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

Showing of Need for a Protective Order:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of the Parties and the Court. The Parties seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this Stipulated Protective Order may prevent the Parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on good faith representations of the need for protection. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head."). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

**D. TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" and produced subject to this Stipulated Protective Order:

1. The Confidential Documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. The Parties will designate the Confidential Documents as Confidential by affixing a mark labeling them "Confidential."

3. The Confidential Documents may only be disclosed to the following persons:

a. Adante D. Pointer, Patrick M. Buelna, and Michael Slater of POINTER & BUELNA, partners and associate attorneys and litigation support staff in that office, as counsel for

DAWN SEGROVES and CAMERON HALL;

b. Carl Fessenden and Cruz Rocha of PORTER SCOTT, partners and associate attorneys and litigation support staff in that office, as counsel for Defendants COUNTY OF SACRAMENTO, TYLER CARROZZO, and CHRISTOPHER RADONJIC;

c. Rob Bonta, Elizabeth S. Angres, and Emily Williams of the Office of the Attorney General, and any attorneys and litigation support staff in that office;

d. The Parties;

e. Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a), (b), and (c) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

f. Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

g. Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

h. The finder of facts at the time of trial, subject to the Court's rulings on in limine motions and objections of counsel; and,

i. Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4. Information covered by this Protective Order shall not be filed on the public docket unless: (1) prior to filing, the filing party provides at least 24-hour notice to the Designating Party of its intent to file, and the Designating Party consents in writing to de-designate the material or redacts the portion of the document the Designating Party asserts is Confidential; or (2) the filing party obtains an order from the Court authorizing the filing of such materials under seal pursuant to Local Rule 141. If permission to file under seal is granted, the Confidential Documents will be filed and served in accordance with L.R. 141.

5. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any Party to oppose the admissibility of the

Confidential Documents or information contained therein.

6. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and Local Rule 251 within thirty (30) days of the initial notice of challenge. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly: (a) inform counsel for Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order.

8. The Confidential Documents shall not lose their confidential status because they were inadvertently or unintentionally disclosed to a person not authorized to receive it under this Stipulated

Protective Order, or because the Confidential Documents were inadvertently or unintentionally produced without a mark affixed to them designating the documents as "Confidential". Confidential Documents that contain Covered Information are subject to this Stipulated Protective Order even if they are not labeled as "Confidential".

9. The protections conferred by this Stipulated Protective Order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this Stipulated Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10. Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons, except that the Parties agree that all such Confidential Information will continue to be confidential under this Order.

11. Notwithstanding the above requirements to return or destroy documents, counsel for the Parties may retain a copy of Confidential Information as part of counsels' case files. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

12. This Stipulated Protective Order shall remain in full force and effect and shall continue to

be binding on all Parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this Action. Upon termination of this litigation, the Parties agree the Stipulated Protective Order shall continue in force as a private agreement between the Parties.

13. The Parties may request additional records to be subject to this Stipulated Protective Order. If a party believes a document to be produced should be subject to this Stipulated Protective Order, the Parties must meet and confer. If there is agreement, the Parties shall submit an amendment to this Stipulated Protective Order to identify the additional documents. If the Parties cannot agree, a Motion for Protective Order shall be filed accordingly.

14. During the pendency of this lawsuit, the Court shall: (a) make such amendments, modifications and additions to this Stipulated Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Dated: August 26, 2026

PORTER SCOTT
A PROFESSIONAL CORPORATION

By _/s/ Cruz Rocha_________________
Carl L. Fessenden
Cruz Rocha
Attorneys for Defendants
COUNTY OF SACRAMENTO, TYLER CARROZZO, and CHRISTOPHER RADONJIC

Dated: August 26, 2026

POINTER & BUELNA, LLP

By _/s/ Michael Slater *(authorized 07/31/2026)*
Adante D. Pointer
Patrick M. Buelna
Michael A. Slater
Attorneys for Plaintiffs

Dated: August 26, 2026

OFFICE OF THE ATTORNEY GENERAL

By _/s/ Emily Williams *(authorized 08/19/2026)*

Rob Bonta
Attorney General of California
Elizabeth S. Angres
Supervising Deputy Attorney General
Emily Williams
Deputy Attorney General
Attorneys for Defendant
JEREMY FRANCHINI

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Eastern District of California, on [date] in the case of *Segroves v. Franchini, et al., et al.*, Case No. 2:25-cv-03076-WBS-CSK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _______________________________________

City and State where sworn and signed: __________________________________

Printed name: ________________________________

Signature: ___________________________________